UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA CRUZ GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:22-cv-01449 AC<br><br><br><u>ORDER</u> |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will DENY plaintiff's motion for summary judgment, and GRANT the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); <u>Bowen v. City of New York</u>, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); <u>Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler</u>, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I.   PROCEDURAL BACKGROUND

Plaintiff applied for Title II Disability Insurance Benefits (DIB) on October 31, 2018, and for Title XVI Supplemental Security Income (SSI) on December 26, 2018, alleging disability beginning November 15, 2015 in both applications. AR 357-359.[2] The applications were disapproved initially and on reconsideration. AR 160, 189. On January 15, 2020, ALJ Judith Kopec presided over the hearing on plaintiff's challenge to the disapprovals. AR 77-113 (transcript). Plaintiff appeared unrepresented and testified at the hearing. Id. Following this hearing, ALJ Kopec issued an unfavorable decision on March 31, 2020. AR 191. Plaintiff appealed and, on September 24, 2020, the Appeals Council remanded the matter to the ALJ for proper consideration of the opinion of plaintiff's treating provider Morris Senegor, M.D., as well as plaintiff's past relevant work. AR 213-215. Plaintiff appeared and testified at a remand hearing on March 25, 2021, with representation. AR 38.

Following the remand hearing, the ALJ partially approved plaintiff's claim by written decision dated July 30, 2021. AR 12-30. In that decision, the ALJ found plaintiff was disabled under the Act beginning on June 1, 2019, but not before. Id. The Appeals Council denied review on June 6, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1-6. Plaintiff filed this action on August 15, 2022. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 16 (plaintiff's summary judgment motion), 20 (Commissioner's summary judgment motion), 21 (plaintiff's reply).

## II.   FACTUAL BACKGROUND

Plaintiff was born in 1974, and accordingly was 42 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 386; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a GED and past work as a cashier, restaurant worker, and self-employed daycare provider. AR 391-92.

---

[2] The AR is electronically filed at ECF No. 11.

2

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

////

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2018.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since November 14, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] Since the alleged onset date, the claimant has had the following severe impairments: degenerative disc disease of the lumbar spine status post laminectomy; left hip osteoarthritis; chronic pain syndrome; and primary biliary cirrhosis. Beginning on June 1, 2019, the established disability onset date, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine status post laminectomy and fusion; left hip osteoarthritis; chronic pain syndrome; and primary biliary cirrhosis (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that prior to June 1, 2019, the established onset date of disability, claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), but with the following additional non-exertional limitations: cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; and cannot be exposed to unprotected heights or dangerous equipment/machinery.

6. [Preparation for Step 4] After careful consideration of the entire record, I find that beginning on June 1, 2019, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she needs to alternate sitting and standing up to 10 minutes every half-hour, remaining at work station; she must be able to use a cane or other assistive device to ambulate and balance as needed; she can never climb ladders, ropes, or scaffolds, and only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl; she must avoid all exposure to unprotected height and dangerous equipment/machinery; she would regularly be off task at least 20% of the workday; and she would regularly be absent from work at least 2 days a month.

7. [Step 4] Prior to the established onset date, the claimant remained capable of performing past relevant work as a cashier (20 CFR 404.1565 and 416.965).

8. [Step 4] Beginning on June 1, 2019, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966)

9. The claimant was not disabled prior to June 1, 2019, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

10. The claimant was not under a disability within the meaning of the Social Security Act at any time through the date last insured (20 CFR 404.315(a) and 404.320(b))

AR 19-29.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A) prior to June 1, 2019, but became disabled on that date and the disability continued thereafter. AR 29.

## VI. ANALYSIS

Plaintiff alleges that the ALJ made two errors: (1) the RFC determination is unsupported by substantial evidence because the ALJ failed to properly evaluate the worsening of plaintiff's condition and arbitrarily selected the June 1, 2019 disability date without support; and (2) the ALJ improperly evaluated plaintiff's subjective medical symptom testimony. ECF No. 16 at 10, 13-15.

////

A. <u>The Disability Onset Date is Adequately Supported</u>

Plaintiff contends that the ALJ committed legal error by arbitrarily selecting June 1, 2019 as the disability onset date. ECF No. 16 at 11. The court agrees with defendant that this argument is belied by the ALJ's decision itself. The ALJ began her discussion of the medical evidence by noting, by way of background, plaintiff's initial injury leading to disability: a slip and fall incident that occurred in November 2015. AR 22. In mid-2016, spine surgeon Dr. Senegor diagnosed plaintiff with L5 radiculopathy and recommended surgical decompression of the L4-5 lateral recess, a procedure which plaintiff underwent in November 2016. AR 22-23, 2936-37. Plaintiff recovered well from the procedure (aside from a wound infection that ultimately resolved) and by April 2017, Dr. Senegor noted that her right-sided radicular symptoms had completely abated. AR 22, 1827. Having noted this background, and before reviewing the pertinent medical evidence, the ALJ noted that the objective medical evidence through mid-2019 "simply fails to substantiate the degree of limitation alleged by the claimant in this case" prior to that time. AR 23.

In support of this conclusion, the ALJ relied on visits made by plaintiff to the emergency department for various complaints throughout 2017, at which medical examiners consistently documented normal range of motion and normal strength in all extremities and a non-tender back with normal range of motion. AR 23, 1266, 1291, 1305, 1366, 1454, 1481, 1510, 1524, 1561, 1577, 1620, 1639. The ALJ also discussed evidence from 2018, noting that plaintiff made no mention of ongoing lower back pain at medical visits in January and April of that year. AR 23, 762, 794. The ALJ reported that though plaintiff continued to seek treatment for back pain in 2019, records indicated that she had no adverse side effects from pain medication and was able to function "well" and perform her activities of daily living. AR 23-24, 759, 764. She also continued to ambulate with a normal gait and no assistive device, and denied any loss of strength during pain management visits in May, June, and July 2019. AR 24, 1917, 1922. Importantly, the ALJ observed that an updated MRI of the claimant's lumbar spine in May 2019 revealed no evidence of nerve root involvement, and instead demonstrated only "mild neural foraminal narrowing" at L4-S1 and "no significant spinal canal stenosis at any level." AR 24, AR 3763.

Contemporaneous imaging similarly showed no worsening of condition: radiographs of the claimant's cervical spine, thoracic spine, and bilateral shoulders in May 2019 were all normal. AR 24, 3764-66.

The ALJ identified a turning point in January 2020, when plaintiff underwent a second back surgery with Dr. Senegor to fuse L4-5. AR 25, 1673. Shortly before the surgery, on January 3, 2020, Dr. Senegor reported that plaintiff had difficulty rising from a seated position, walked with a limping gait, and was unable to heel or toe walk. AR 25, 1670, 1671. Dr. Senegor opined that plaintiff was restricted to lifting no more than 10 pounds, with no excessive bending, twisting, or stooping, and that she should have no continuous sitting or standing for over 30 minutes at one time. AR 25, AR 1672. The ALJ found this opinion to be persuasive to the extent that it indicated plaintiff was no longer capable of light work as of January 2020. AR 25.

Plaintiff chooses a quote from the opinion that makes the ALJ's selection of a disability date look more arbitrary than is, arguing:

> [T]he ALJ's entire discussion of the evidence is so vague that she states that Plaintiff's 'condition worsened *at some point*.' Ar. 25 (emphasis added). At no point does the ALJ address any medical evidence that specifically indicates a worsening of Plaintiff's condition that occurred on June 1, 2019.

ECF No. 16 at 11. While it is true that the ALJ did not cite medical evidence necessarily supporting the June 1, 2019 date, the ALJ *did* give evidence supporting an even *later* onset date: January 3, 2020. In selecting the June 2019 date, the ALJ accommodated for an ambiguous period between normal clinical findings from May 2019 and the documented worsening of plaintiff's condition as of January 2020, providing plaintiff with an additional six months of disability to cover the ambiguous period. The ALJ would have been justified in using the January 2020 date, which is the first date of a documented change in the plaintiff's condition. Instead, giving plaintiff "the benefit of the doubt," the ALJ backdated the disability to the month following the last normal clinical finding. AR 26.

The court finds the ALJ adequately characterized the evidence and supported the date of disability; there is no error here.

////

### B. The ALJ Supported the Decision to Discredit Plaintiff's Testimony

Plaintiff contends that the ALJ erred by "vaguely" asserting that plaintiff's subjective pain testimony was not fully supported prior to the established onset date, with insufficient references to the objective medical record. ECF No. 16 at 14. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted).

Here, the ALJ first reviewed plaintiff's subjective testimony at the January 2020 hearing, at which plaintiff stated she was unable to work mainly due to back pain and left hip pain. AR 23, 90-92. She also alleged having pain in her left knee and claimed to need a liver transplant, which was not substantiated in the medical records. AR 23, 97-98. Plaintiff testified that she was planning to undergo surgery a week after the hearing, having already exhausted other treatments for her back pain including physical therapy and home exercises, noting that she had previously had surgery, but the pain had re-started in March. Id. She previously underwent back surgery, but the pain started again in March. AR 23. On a scale of 1 to 10, she rated the severity of her pain an "8" with medication and a "10" without medication. AR 23, 94. Plaintiff denied using a cane to assist with walking, but she claimed to use a walker one day per week. Id.

At the remand hearing in March 2021, plaintiff testified that she underwent a second back surgery in January 2020, but it failed to improve her pain, her left leg weakness, or her ability to stand and walk. AR 21, 22, 65. She was using a walker for mobility about once a week just before her surgery in early 2020, at the time of the second hearing she was using the walker or a

wheelchair every day.  Id.  She reported she was maximally able to walk only one house-distance with the  walker, and only as far as her front gate without the walker.  AR 22, 67-68.  She could only stand or sit for 15 minutes before needing to lie down in bed.  Id.  She reported she typically spent 75% of her time in bed.  Id.

The ALJ discredited plaintiff's subjective testimony, finding that "the objective medical evidence and other evidence of record through mid-2019 simply fails to substantiate the degree of limitation alleged by the claimant in this case" and proceeded to walk through the medical evidence, citing to the record of unremarkable imaging and exams prior to June of 2019.  AR 23.  The discussion of the medical evidence used in discrediting plaintiff prior to June of 2019 is largely the same as that recited above and need not be repeated here.  AR 23-25.  While an ALJ must do more than "offer[] non-specific conclusions that [a claimant's] testimony was inconsistent with her medical treatment," an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony, nor [must the ALJ] draft dissertations when denying benefits."  Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).  Here, the ALJ's explanation and ample citation to the medical record is more than adequate.  See AR 23-25.  Plaintiff's argument on this point of error is brief and somewhat conclusory; she argues generally that the ALJ cherrypicked evidence, but does not identify any specific mischaracterization of the record.  ECF No. 16 at 14-15.

The court finds the ALJ's position adequately supported; there is no error here.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: February 15, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE